UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS McDANIEL,

                                   Plaintiff,

                   -against-

THE CITY OF NEW YORK; JOHN DOE
SUPERINTENDENT; JOHN DOE HEAD
OF MEDICAL UNIT,

                                   Defendants.

20-CV-8348 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in Bare Hill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was held in the Anna M. Kross Center (AMKC) on Rikers Island. By order dated November 12, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's claims arise from events that occurred when he was held in the Dorm Unit of AMKC between March 11, 2019 and January 24, 2020. The following allegations are taken from the complaint. During Plaintiff's time at AMKC, he was required to sleep on an "emergency

floor matteress [sic] placed on a foundation, which [the] manufacturer clear[ly] state[s] that it shouldn't be." (ECF No. 1, at 4.) Plaintiff had "a few injuries get worst [sic] and a few NEW injuries after repeated use" of the mattress. (*Id.*) (emphasis in original).

Plaintiff repeatedly went to sick call "for known neck, shoulder blade, upper midlevel and lower back pains." (*Id.* at 5.) He was prescribed medication "2 or 3 times 3 or 4 month[s] apart," as well as medication for depression and to help him sleep. (*Id.*) The sleep medication aggravated his injuries because it made him "sleep sedated through the pain." (*Id.*) Plaintiff asserts that "[n]one of the medical treatment or procedures" were appropriate or adequate. (*Id.*) At one point, Plaintiff was diagnosed with "olecranon swelling on [his] elbow, para thoracic and lumbar sprains with tenderness at level of L10 – L3." (*Id.* at 5-6.) He also had tenderness in his neck and shoulder blade. Plaintiff saw an orthopedist who told him to "do a seri[es] of bends," but that he did not need physical therapy. (*Id.* at 6.) Plaintiff was "then sent back with no medication, new bedding, double mattress, and [he] had to go to sick call again for ointment."[2] (*Id.*)

Plaintiff further alleges that while being transported back and forth to court, he was required to wait in the C-95 inmate intake area, which had an "asbestos abatement notic[e]" on the wall and which Plaintiff maintains was "filled" with asbestos. (*Id.* at 4-5.) He alleges that the asbestos worsened his asthma and gave him "a cough producing a white spectrum [sic]." (*Id.* at 5.) The clinic "diagnosed [him] with show[ing] light sign[s] of asbestos but never did an asbestos test or gave [him] any medicat[ion], but more asthma pumps." (*Id.* at 6.)

---

[2] Plaintiff appears to be stating that he was *not* provided with medication, new bedding, or a double mattress.

Plaintiff alleges that he sustained injuries to his "neck, shoulder, entire back, [and] elbow," as well as depression, emotional distress, asthma, coughing, dizziness, headaches, mental anguish, and "inconvenience." (*Id.* at 8.) He seeks money damages.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The Court construes Plaintiff's allegations as asserting § 1983 claims that correction officials were deliberately indifferent to conditions of Plaintiff's confinement that posed a serious threat to Plaintiff's health or safety. Because Plaintiff was likely a pretrial detainee during the events that are the basis for his claims, his claims arise under the Due Process Clause of the Fourteenth Amendment.[3] If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979), *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

Whether Plaintiff was a pretrial detainee or convicted prisoner, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a

---

[3] Plaintiff checks the box on the complaint form to indicate that he is currently a convicted and sentenced prisoner, which is correct. But records maintained by the New York State Department of Corrections and Community Supervision show that Plaintiff was admitted into state custody on January 23, 2020. *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130. It therefore appears that he was a pretrial detainee at AMKC at the time of the events giving rise to his claims.

showing that the officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29.

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See*

*Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because it appears that Plaintiff was a pretrial detainee on the date of incident, the more generous standard applies. Even under this standard, however, Plaintiff fails to state a claim.

A.     **Mattress claim**

The Second Circuit has recognized that "sleep is critical to human existence, and conditions that prevent sleep have been held to [deprive a prisoner of his constitutional rights]." *Walker*, 717 F.3d at 126. By contrast, routine discomforts that merely interfere with sleep do not rise to the level of a constitutional deprivation. *See, e.g., Mena v. City of New York*, ECF 1:13-CV-2430, 29, 2014 WL 4652570, at *5 (S.D.N.Y. Sept. 18, 2014) (distinguishing conditions that resulted in a complete deprivation of sleep from those that merely interfered with sleep); *Youmans v. Schriro*, ECF 1:12-CV-3690, 56, 2013 WL 6284422, at *5 n.3 (S.D.N.Y. Dec. 3, 2013) (distinguishing *Walker* and holding that allegations regarding failure to provide an extra mattress merely described "discomforts of the kind that courts have routinely dismissed as insufficient to amount to a constitutional violation."). In other words, the Constitution "does not mandate comfortable . . . beds." *Youmans*, 2013 WL 6284422, at *5 (internal quotation marks and citation omitted).

Many prisoners held in Rikers Island facilities have filed complaints raising claims about the quality of their mattresses, and many of these cases have been consolidated and dismissed for failure to state a claim. *See Howard v. City of New York*, ECF 1:12-CV-4069, 23, 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013) (adopting Report and Recommendation in full and dismissing mattress cases for failure to state a claim with leave to file amended complaints). To state an inadequate bedding claim, a prisoner must allege facts suggesting that he suffered from a medical condition that required "a non-standard bed to protect against serious damage to his future

6

health" or that the prisoner's mattress created such a medical condition. *Delacruz v. City of New York*, ECF 1:15-CV-3030, 61, 2017 WL 2377984 (S.D.N.Y. May 31, 2017) (quoting *Patterson v. Ponte*, ECF 1:16-CV-3156, 43, 2017 WL 1194489, at \*6 (S.D.N.Y. Mar. 30, 2017)). As a pretrial detainee, the prisoner must also allege facts suggesting that a corrections official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk, even though the official knew, or should have known, the condition posed an excessive risk to the prisoner's health or safety. *Darnell*, 849 F.3d at 35.

Plaintiff states that he had "a few injuries" that "g[o]t worse," but he does not allege any facts regarding the nature of those injuries, how they got worse, or how the mattress caused any worsening of his injuries. (ECF No. 1, at 4.) He also alleges that he experienced "a few NEW injuries after repeated use" of the mattress, which appear to include swelling on his elbow, and tenderness around his back, neck, and shoulders. (*Id.* at 4) (emphasis in original). But he fails to allege any facts suggesting those injuries were the result of the mattress. He merely asserts that these injuries occurred "after repeated use" of the mattress. (*Id.* at 4.) Nor does Plaintiff allege facts suggesting that any injuries he experienced constituted a medical condition that required a non-standard mattress. In fact, Plaintiff states that saw an orthopedist who recommended that Plaintiff "do a seri[es] of bends," but who otherwise concluded that Plaintiff did not need physical therapy and declined to prescribe medication or new bedding. (*Id.* at 6.)

Plaintiff's allegations also fail to satisfy the subjective element. He sues two individual John Doe defendants – the Superintendent of AKMC and the "Head of the Medical Unit" – but he fails to allege facts suggesting either defendant was aware or should have been aware that Plaintiff's injuries were caused by the mattress. In fact, Plaintiff fails to allege facts suggesting that either defendant had any personal involvement in the alleged violation of his rights. To the

extent Plaintiff alleges that Rikers officials should have been aware that the mattresses could

cause injury based on the manufacturer's tag, that assertion has been rejected by the courts as

without merit. *See, e.g.*, *Howard*, ECF 1:12-CV-4069,22, 2012 WL 7050623, at *6 (S.D.N.Y.

Dec. 20, 2012) (stating that "those same tags also state that the mattresses 'meet[ ] the

requirements of 16 CFR 1633 (federal inflammability (open flame) standard for mattress sets)

when used without a foundation,' indicating that the warning relates to fire safety," and,

"[i]ndeed, there is no reason to believe that the instructions relate to chiropractic health")

(internal citation omitted), *report and recommendation adopted as modified*, ECF 1:12-CV-4069,

23, 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013).

If Plaintiff chooses to amend his claim, he must allege any facts suggesting that (1) the

mattress he was provided at AMKC created a medical condition that required a non-standard

mattress; (2) Defendants knew or should have known of his medical condition and that the

mattress created an excessive risk to Plaintiff's health; and (3) Defendants failed to act with

reasonable care to mitigate the excessive risk.

**B.    Asbestos claim**

Plaintiff also fails to state a conditions-of-confinement claim based on his alleged

exposure to asbestos. Prisoners have the right to "reasonable safety" while incarcerated, which

includes the right to be protected from toxic substances such as asbestos. *See Helling v.*

*McKinney*, 509 U.S. 25, 33 (1993) (holding knowing failure to protect inmates from

environmental tobacco smoke constitutes deliberate indifference to a serious medical need);

*LaBounty v. Coughlin*, 137 F.3d 68, 72-74 (2d Cir. 1998) (applying *Helling* to uphold denial of

summary judgment dismissing prisoner's underlying asbestos claim; vacating summary

judgment against the same claim on qualified immunity grounds); *Pratt v. City of New York*, 929

F. Supp. 2d 314, 321 (S.D.N.Y. 2013) (denying the defendants' motion to dismiss because the

plaintiff's allegations "raise[d] a plausible inference that the defendants were deliberately indifferent to the health dangers posed by friable asbestos present at [the] AMKC.").[4]

"For exposure to airborne asbestos fibers to create a substantial risk of serious harm, however, the intensity and duration of the exposure must both be significant." *Pack v. Artuz*, 348 F. Supp. 2d 63, 79-80 (S.D.N.Y. 2004) (citing *Falise v. American Tobacco Co.*, 94 F. Supp. 2d 316, 324 (E.D.N.Y. 2000); *see also LaBounty*, 137 F.3d at 74 n.5 (noting that "mere exposure to moderate levels of asbestos is not actionable because asbestos remains in many public buildings throughout the county"); *Simmons v. Gowanda Corr. Facil.*, No. 13-CV-0647 (RJA), 2013 WL 3340646, at *2 (W.D.N.Y. July 1, 2013) (dismissing complaint with prejudice where inmate "was exposed to asbestos on one date . . . when a construction crew was removing windows in the dorm unit above his").

Here, Plaintiff fails to allege facts suggesting that any exposure to asbestos created a substantial risk of serious harm or that Defendants were deliberately indifferent to that risk. Plaintiff states that there was an asbestos abatement notice on the wall of the inmate intake area, where he waited for transportation to court. But he does not state how often or for how long he was in the intake area. Nor does he allege facts suggesting that he was exposed to significant amounts of asbestos or any facts that would allow the Court to evaluate the intensity of any exposure.

Plaintiff also fails to allege facts suggesting that Defendants acted with deliberate indifference. Plaintiff alleges that "the City of New York and its employee[s]" were aware or should have been aware of the presence of asbestos based on the asbestos abatement sign and his

---

[4] "Friable asbestos" is asbestos "that is exposed and readily crumbled, as opposed to contained." *Pack v. Artuz*, 348 F. Supp. 2d 63, 79 (S.D.N.Y. 2004).

grievance,[5] but that they failed to adequately remedy the problem. But mere negligence does not constitute deliberate indifference. *See Pratt*, 929 F. Supp. 2d at 320 ("To succeed in showing deliberate indifference, [a plaintiff] must show that the acts of defendants involved more than lack of due care, but rather involved obduracy and wantonness in placing his health in danger.") (quoting *LaBounty*, 137 F.3d at 72-73) (alteration in original).

If Plaintiff chooses to submit an amended complaint, he should allege any facts suggesting that his exposure to asbestos constituted a substantial risk of serious harm and that Defendants were deliberately indifferent to the risk of serious harm to his safety or health.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendants in the caption[6] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

---

[5] Plaintiff alleges that Defendants should have known about the asbestos based on his grievance, but he does not describe the information included in his grievance and, in any event, he does not allege that he was moved through the inmate intake area after he filed his grievance.

[6] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief.

**Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the

standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se

Intake Unit within sixty days of the date of this order, caption the document as an "Amended

Complaint," and label the document with docket number 20-CV-8348 (LLS). An Amended Civil

Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff

fails to comply within the time allowed, and he cannot show good cause to excuse such failure,

the Court will dismiss the complaint for failure to state a claim upon which relief may be

granted.

SO ORDERED.

Dated:    November 20, 2020
          New York, New York

                                        _Louis L. Stanton_
                                        LOUIS L. STANTON
                                             U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

           **-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes      ☐ No
               (check one)

___ Civ. _____ (    )

**I.**    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
               ID#_____
               Current Institution_____
               Address_____
               _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1    Name _____ Shield #_____
                       Where Currently Employed _____
                       Address _____
                       _____

*Rev. 01/2010*

Defendant  No. 2      Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3      Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant  No. 4      Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5      Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.      Facts:_____

**What happened to you?**

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.     Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.     Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.       Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____    No _____    Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____    No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
          _____

          _____
        2.      What was the result, if any?
          _____

          _____
        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
          _____
          _____
          _____

_____
_____
_____

2.      If you did not file a grievance but informed any officials of your claim, state who you
        informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative
        remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
        administrative remedies.

**V.      Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that

you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.   Previous lawsuits:**

**On these claims**

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes \_\_\_\_   No \_\_\_\_

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes \_\_\_\_   No \_\_\_\_

If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

**On other claims**

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes \_\_\_\_   No \_\_\_\_

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number              _____

Institution Address        _____

_____

_____

_____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


Signature of Plaintiff:   _____

*Rev. 01/2010*                                   7