UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS McDANIEL,

               Plaintiff,

-against-

THE CITY OF NEW YORK; JOHN DOE SUPERINTENDENT; JOHN DOE HEAD OF MEDICAL UNIT; JOHN DOE ORTHAPEDIC,

               Defendants.

20-CV-8348 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is currently incarcerated in Bare Hill Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when he was held in the Anna M. Kross Center ("AMKC") on Rikers Island. By order dated November 20, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint[1] on January 8, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Plaintiff mistakenly labels the amended complaint as a "second amended complaint."

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

### A. Mattress Claims

The following allegations are taken from the amended complaint. Plaintiff sustained injuries in an "inmate on inmate attack" to his neck, shoulder, and back, including spasms, pulled muscles, and tenderness. (ECF No. 9, at 2.) He "complained to sick call" about his injuries and "grievanced about the pain, mental anguish, and sleep deprivation." (*Id.*) Plaintiff "alert[ed] medical" that the type of non-standard emergency mattress that he was issued causes bodily injury and is a fire hazard. (*Id.*) He "asked for a double mattress and was disregarded." (*Id.*) "Orthopedic finally found" that Plaintiff had "sever[e] parathoracic and lumbar sprains with tenderness at levels of L10-L3 causing weak and stretched nerves and joint/ligaments caused from to[o] much time sleep or laying down on the thin worn nonstandar[d] mattress, ultim[a]tely causing vertebrae stru[c]tural damages." (*Id.* at 2-3.) Plaintiff was not given "need[ed] back therapy by john Doe orthopedics" or "any adequate medication or proper co[u]nseling by John Doe head of medical unit." (*Id.* at 3.) Rather, Plaintiff was given medication to "help him sleep through the pain and for depression" and a muscle relaxer "which made the sprains in [his] back weaker caus[ing] permanent back weakness." (*Id.*) He maintains that the types of mattress he was provided do not support the curvature of the spine, and when used for long periods, cause "degeneration and extreme pain to the vertebrae." (*Id.*)

### B. Asbestos Claims

Plaintiff alleges that he "was produced to a major asbestos abatement project area" in the AMKC intake area. (*Id.* at 4.) He spent two days in the area upon arrival to AMKC, and "was produced there" 35 times for 3-4 hours as he was waiting to be transported to court and the medical facility. (*Id.*) Plaintiff asserts that the warden/superintendent and "intake officer knew

and disregard[ed] the risk to inmate heath" because Plaintiff saw "the abatement contract for asbestos on the wall." (*Id.*)

The John Doe head of medical "negl[e]cted to run [the] proper test after seeing that the asbestos site made [Plaintiff] start to breath[e] out a white spectrum know[ing] that I have asthma." (*Id.* at 5.) Plaintiff alleges that he had to use asthma pumps "for many month[s]." (*Id.*)

Plaintiff attaches to the amended complaint a "Notice of Asbestos Abatement" showing that a "removal of interior foam" was being conducted between February 15, 2019, and February 24, 2019. (*Id.* at 13.) Plaintiff also attaches Department of Correction documents showing his movement through the facility between his arrival at AMKC in March 2019, and January 2020.

Plaintiff seeks money damages.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.    The City of New York**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the

4

plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff fails to allege facts suggesting that that City of New York has a policy, custom, or practice that caused a violation of his constitutional rights. The Court therefore dismisses Plaintiff's § 1983 claims against the City of New York. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Mattress Claims**

Many prisoners held in Rikers Island facilities have filed complaints raising claims about the quality of their mattresses, and many of these cases have been consolidated and dismissed for failure to state a claim. *See Howard v. City of New York*, ECF 1:12-CV-4069, 23, 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013) (adopting Report and Recommendation in full and dismissing mattress cases for failure to state a claim with leave to file amended complaints). To state a conditions-of-confinement claim related to the quality of jail-issued mattresses, a prisoner must allege facts suggesting that he suffered from a medical condition that required "a non-standard bed to protect against serious damage to his future health" or that the prisoner's mattress created such a medical condition. *Delacruz v. City of New York*, ECF 1:15-CV-3030, 61, 2017 WL 2377984 (S.D.N.Y. May 31, 2017) (quoting *Patterson v. Ponte*, ECF 1:16-CV-3156, 43, 2017 WL 1194489, at *6 (S.D.N.Y. Mar. 30, 2017)). As a pretrial detainee, the prisoner must also allege facts suggesting that a corrections official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk, even though the official knew, or should have known, the condition posed an excessive risk to the prisoner's health or safety. *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).

The amended complaint includes additional factual allegations, but it nevertheless fails to remedy the deficiencies in the original complaint. Plaintiff alleges that he suffered injuries from an inmate-on-inmate attack. But he fails to allege facts suggesting that the injuries he sustained in the attack left him with a medical condition that required a non-standard mattress. Plaintiff does assert that "orthopedic" found that he had back injuries "caused from to[o] much time sleep[ing] or laying down on thin worn nonstand[ard] mattress." (ECF No. 9, at 3.) But Plaintiff's allegations that he sustained back and neck injuries in an attack belie his assertion that the mattress caused any alleged medical condition.

In any event, he fails to allege that any of the defendants acted intentionally or recklessly to impose the condition. He "complained to sick call" about his injuries following the attack by another inmate, "grievanced" about the pain, and "alert[ed] medical" that the mattresses were a fire hazard and caused injury when improperly used. (*Id.* at 2.) But nowhere does he allege that the superintendent, the head of the medical department, or "John Doe Orthopedic" recklessly failed to act with reasonable care to mitigate any risk caused by Plaintiff's mattress, even though these defendants knew, or should have known, that the mattress posed an excessive risk to his health or safety.

To the extent Plaintiff seeks to hold these defendants liable under a theory of supervisory liability, he may not do so. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, No. 19-3712, _ F.3d _, 2020 WL 7687688, at *7 (2d Cir. 2020).

Plaintiff also alleges that "John Doe orthopedics" did not give him "need[ed] back therapy" and "John Doe head of medical unit" did not give adequate medication or proper counseling, regarding Plaintiff's pain associated with his mattress. (*Id.* at 3.) To plead a Fourteenth Amendment claim for deliberate indifference to a serious medical need, a pretrial detainee must allege that: (1) he had a "serious medical need," *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000), and (2) the defendant either "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety," *Darnell*, 849 F.3d at 35 (relying on *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).

Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Furthermore, the law is clear that a "mere disagreement over the proper treatment" is not actionable, *Chance*, 143 F.3d at 703; *see, e.g.*, *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (holding that prescribing Motrin rather than stronger pain medication to treat broken wrist, with no concomitant allegation of "a culpable state of mind," falls short of claim for deliberate indifference); *Reyes v. Gardener*, 93 F. App'x 283, 284 (2d Cir. 2004) (holding that alternative medical plan incorporating weaker pain medication to treat inmate was "mere disagreement over the proper treatment") (internal quotation marks omitted); *Rush v. Fischer*, No. 09-CV-9918, 2011 WL 6747392, at *3 (S.D.N.Y. Dec. 23, 2011) ("The decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs."). Here, Plaintiff fails to allege facts suggesting that any defendant was

7

deliberately indifferent to a serious medical need. Rather, his allegations suggest a disagreement over the type of treatment for his alleged back injury.

The Court therefore dismisses Plaintiff's claims arising from the quality of his jail-issued mattress for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Asbestos Claims**

Plaintiff's allegations in the amended complaint are insufficient to state a deliberate indifference claim under the Fourteenth Amendment based on his alleged exposure to asbestos. "For exposure to airborne asbestos fibers to create a substantial risk of serious harm, however, the intensity and duration of the exposure must both be significant." *Pack v. Artuz*, 348 F. Supp. 2d 63, 79-80 (S.D.N.Y. 2004) (citing *Falise v. American Tobacco Co.*, 94 F. Supp. 2d 316, 324 (E.D.N.Y. 2000)); *see also LaBounty v. Coughlin*, 137 F.3d 68, 74 n.5 (2d Cir. 1998) (noting that "mere exposure to moderate levels of asbestos is not actionable because asbestos remains in many public buildings throughout the county"); *Simmons v. Gowanda Corr. Facil.*, No. 13-CV-0647 (RJA), 2013 WL 3340646, at *2 (W.D.N.Y. July 1, 2013) (dismissing complaint with prejudice where inmate "was exposed to asbestos on one date . . . when a construction crew was removing windows in the dorm unit above his").

Here, Plaintiff alleges that he saw an asbestos abatement sign in the intake area at AMKC, and that he passed through the area many times. But he fails to allege that he actually saw any exposed asbestos or asbestos particles. Nor does he allege that he was in the intake area during the time of the abatement,[2] or suggest that he was exposed to any asbestos in the intake

---

[2] The Court notes that the documents that Plaintiff attaches to the amended complaint cast doubt on his allegations of being exposed to asbestos. The Notice of Asbestos Abatement, states that a "removal of interior foam" was being conducted between February 15, 2019, and February 24, 2019. (ECF No. 9, at 13.) Plaintiff does not allege the dates that he was present in the intake

8

area in the months following completion of the abatement. The Court therefore dismisses Plaintiff's asbestos-related claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**E.      Further Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*,

---

area, but rather attaches documents showing that he was moved through the area a number of times between March 9, 2019 and January 2020, well after the dates listed on the Notice. In fact, Plaintiff's characterization of the documents as showing his movement through the facility since "the time [he] was received from court to [R]ikers," *id.* at 4, along with the March 9, 2019 date of his admittance to AMKC listed on the documents, strongly suggest that Plaintiff was not present at AMKC at the time of the asbestos abatement.

514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated: February 26, 2021
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.